UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:06-cr-078 |
| Gordon Leroy Sonnenberg, | ) | |
| | ) | |
| Defendant. | ) | |

___

This matter comes before the Court as a result of the Order for Competency Evaluation (Docket No. 12) filed on November 28, 2006. Thereafter, the Defendant underwent an evaluation at the Metropolitan Correctional Center in Chicago, Illinois, after arriving at that facility on December 5, 2006.

On February 23, 2007, the Forensic Report of Dr. Jason V. Dana was issued. Copies of the report were sent to counsel on March 5, 2007. Dr. Dana issued a detailed report and evaluation and opined that the defendant, Gordon Sonnenberg, was competent to stand trial. A competency and evidentiary hearing was then held on April 16, 2007, in Bismarck, North Dakota.

It is well-established in the Eighth Circuit that there is a three-part scheme for determining mental competency to stand trial under 18 U.S.C. § 4241. United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003). This Court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In Dusky v. United States, 362 U.S. 402 (1960), the Supreme Court said that it is not enough for the district court to find that the defendant

is oriented to time and place and has some recollection of events. Instead, the question before the Court is whether the defendant presently has a rational and factual understanding of the proceedings against him <u>and</u> the ability to consult with his lawyer with a reasonable degree of rational understanding. See <u>Drope v. Missouri</u>, 420 U.S. 162, 172 (1975).

If the district court concludes that the defendant is competent, then the case proceeds to trial. However, if the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, the Court is required to commit the defendant to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d).

In this case, the defendant, Gordon Sonnenberg, was evaluated at the Metropolitan Correctional Center in Chicago, Illinois. During his time at the facility, Sonnenberg was observed by clinical and corrections staff. Sonnenberg completed a clinical interview and a series of psychological tests consisting of the Minnesota Multiphasic Personality Inventory-Second Edition (MMPI-2), the Validity Indicator Profile (VIP), Symptom Validity Questionnaire, Wechsler Memory Scale-Third Edition (WMS-III), and an Evaluation of Competency to Stand Trial - Revised (ECST-R). With respect to Dr. Dana's opinions as to Sonnenberg's competency to stand trial, the following opinion was expressed:

> **ASSESSMENT OF COMPETENCY**: Mr. Sonnenberg was administered a semi-structured interview (ECST-R) to evaluate his competency skills with regard to the present case. The instrument also includes validity scales to address the potential for the examinee's performance being an under-representation of his true ability.
>
> The results of this instrument are believed to be a valid representation of the defendant's true competency related, functional ability. The atypical responding scales did not reveal an active attempt on the part of the defendant to exaggerate anxiety states or other symptoms of severe mental illness associated with competent involvement with the legal arena.

Mr. Sonnenberg demonstrated sound factual understanding of the legal arena and his present legal circumstances. He clearly defined his charges, and the evidence reportedly obtained by prosecution. He outlined some of the specific offense behaviors alleged to have occurred and provided details regarding the activities related to the current charges. The defendant identified key courtroom personnel, their respective roles, and their specific responsibilities. He demonstrated an awareness of the adversarial nature of the criminal justice system and identified his legal counsel as an ally. He reported a strong willingness to defer to this person for specific legal information, and to strongly consider this individual's legal recommendations before making pertinent legal decisions. The consequences of a guilty plea were adequately reported by the defendant, though he indicated that he has not had any specific conversations with his attorney regarding statutory guidelines for sentencing in his case. Mr. Sonnenberg did claim to lack memory for many of the specific allegations of production of child pornography, as well as any history of perpetration of sexual molestation. Symptom validity assessment indicated that these claims are likely to be malingered. However, prior court precedence clearly outlines the circumstances under which a defendant with claims of amnesia for offense specific behaviors can be found competent. The court would therefore need to determine if the defendant possesses sufficient competency related functional ability in light of established legal decisions, as this determination is beyond the purview of this examiner.

Mr. Sonnenberg likewise demonstrated sound rational understanding of the legal proceedings and the personal impact this case has had on his life. He demonstrated the ability to reason effectively and identified key information he would likely seek before making specific legal decisions. The defendant acknowledged the importance of his legal counsel in the decision making process, and expressed an understanding of considering multiple sources of information before identifying reasonable decisions to critical legal questions. There was no indication of impaired judgment or evidence of formal thought disorder, which could otherwise impact his rational understanding of current legal proceedings. It was therefore concluded that the defendant possessed both a factual and rational understanding of current legal proceedings.

With regard to the defendant's capacity for cooperative interactions with his attorney, he appeared quite capable of working productively with others in the pursuit of a common goal. He remained interpersonally appropriate and was compliant throughout the evaluation process. He demonstrated the requisite memory ability to provide detailed accounts of a variety of personal experiences. There was no evidence of any memory related functional impairment that would negatively impact his ability to interact with others. Based on his interactions with this examiner, it is believed that he possesses the capacity for establishing a meaningful relationship with his attorney for the purpose of developing a defense to his current legal charges.

Based on the file and the evidence presented at the competency hearing on April 16, 2007, and, specifically, the Forensic Report of Dr. Jason V. Dana, the Court finds, by a preponderance of the evidence, that defendant Gordon Sonnenberg is mentally competent to stand trial and to participate in a judicial proceeding to determine the validity of the criminal charges filed against him. The claims by the defendant that he suffers from "psychogenic amnesia" or some other form of memory loss are speculative at best and unsupported by the evidence in the record. The Court further finds that the Defendant is mentally competent and able to understand the nature and the consequences of the proceedings against him, and is able to properly assist in his defense.

It is also well-established that the Government bears the burden of proving the defendant is competent to stand trial. See Brown v. Warden, Great Meadow Correctional Facility, 682 F.2d 348, 349 (2nd Cir. 1982)("the burden is placed on the prosecution to prove that the defendant is mentally competent to stand trial"); United States v. Hollis, 569 F.2d 199, 205 (3rd Cir. 1977)("no burden of proof rests on a defendant to demonstrate his own incompetency"); United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976)("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial"); United States v. Mason, 935 F. Supp. 745, 759 (W.D. N.C. 1996)("The burden of proof of competency is on the Government to prove competency by a preponderance of the evidence"); United States v. Kokoski, 865 F. Supp. 325, 329 (S.D. W.Va. 1994) *aff'd* 82 F.3d 411 ("The United States bears the burden of proving that the defendant is competent to stand trial."); United States v. Riggin, 732 F. Supp. 958, 963 (S.D. Ind. 1990)("the burden of proving competence to stand trial would implicitly fall on the government"). The Government has met its burden in this case.

In summary, there was no expert testimony presented to rebut the expert opinions of Dr. Jason V. Dana. Further, the testimony of the defendant was not sufficiently credible to rebut the expert testimony presented by the Government. Dr. Dana's Forensic Report of February 23, 2007, was received into evidence without objection. The Court expressly finds, by a preponderance of the evidence, that defendant Gordon Sonnenberg is competent to stand trial. The Defendant is remanded to the custody of the U.S. Marshal to await trial scheduled to commence on May 22, 2007, in Bismarck, North Dakota.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court