**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO EXCLUDE THE** |
| vs. | ) | **PRIOR CONVICTION** |
| | ) | **ENHANCEMENT** |
| Gordon Sonnenberg, | ) | |
| | ) | Case No. 1:06-cr-078 |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion to Exclude Application of Prior Conviction Enhancement" filed on September 24, 2007. On October 3, 2007, the Government filed a brief in opposition to the motion. The Defendant filed a reply brief on October 10, 2007. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

On October 18, 2007, the defendant, Gordon Sonnenberg, signed a plea agreement in which he admitted to violating 18 U.S.C. § 2252(a)(2) by receiving material involving the sexual exploitation of minors. See Docket No. 48, ¶ 4. A defendant who violates 18 U.S.C. § 2252(a)(2) is subject to a sentence enhancement pursuant to 18 U.S.C. § 2252(b)(1), which reads in relevant part as follows:

> Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

Sonnenberg acknowledged in the plea agreement that if a 1968 state conviction in Iowa for lascivious acts with children triggers a sentencing enhancement pursuant to 18 U.S.C. § 2252(b)(1), then his sentence for violating 18 U.S.C. § 2252(a)(2) would be enhanced to a maximum penalty of forty (40) years imprisonment. See Docket No. 48, ¶ 7.

In 1968, Sonnenberg was charged in Iowa state court with committing "lascivious acts with children," which charge reads as follows:

> Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, with the intent of arousing, appealing to, or gratifying the lusts or passions or sexual desires of such person, or of such child, or of corrupting the morals of such child, shall be punished by imprisonment in the penitentiary not more than three years, or by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars.

Iowa Code § 725.2 (1966); see Docket No. 39-2, p. 5. Sonnenberg pled guilty and was sentenced to no more than three years in prison. See Docket No. 39-2, p. 6. Sonnenberg now moves to exclude the application of the sentence enhancement. See Docket No. 38. He contends that a violation of Iowa Code Section 725.2 could have encompassed acts that would not trigger the sentencing enhancement and, therefore, an enhancement would be improper.

## II. LEGAL DISCUSSION

The test to determine whether a prior conviction triggers a sentence enhancement is well-established. In Taylor v. United States, 495 U.S. 575, 600 (1990), the United States Supreme Court adopted "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" when determining whether prior convictions trigger sentence enhancements. In Taylor, the Supreme Court considered how to

apply a sentence enhancement based on a state burglary statute that defined burglary to include a broader range of conduct than the generic burglary offense that was set forth in the sentence enhancement statute. 495 U.S. at 602. "Modifying its formal categorical approach in order to avoid excluding all convictions under such a statute, the Court held that the prior offense [triggered the sentence enhancement] if 'the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.'" United States v. McCall, 439 F.3d 967, 973 (8th Cir. 2006) (quoting Taylor, 495 U.S. at 602). In Shepard v. United States, 544 U.S. 13, 19, 26 (2005), the Supreme Court extended the Taylor categorical approach to guilty plea convictions but limited the scope of the modified categorical approach "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

The result of Taylor and Shepard is a test that was thoroughly set forth in United States v. Sinerius, No. 06-30327, 2007 WL 2728760 (9th Cir. Sept. 20, 2007). In Sinerius, the Ninth Circuit Court of Appeals was asked to decide if a "federal defendant's prior conviction for 'sexual assault' under Montana state law triggers an enhanced penalty under the sentencing provisions applicable to his federal crimes." 2007 WL 2728760, at *2 (analyzing 18 U.S.C. §§ 2252A(b)(1) and (2), which have relevant language that is identical to § 2252(b)(1)). The Ninth Circuit relied on Taylor to decide whether the Montana sexual assault conviction met the definition of a predicate sex offense under 18 U.S.C. § 2252A(b). Sinerius, 2007 WL 2728760, at *2. The Ninth Circuit first examined the definition of the predicate offense in 18 U.S.C. § 2252A(b). Next, the Ninth Circuit compared the elements of the Montana statute to the definitions of the terms "aggravated sexual abuse,"

3

"sexual abuse," and "abusive sexual conduct involving a minor or ward" found in 18 U.S.C. § 2252A(b).  Sinerius, 2007 WL 2728760, at *2.

The Ninth Circuit concluded that under the categorical approach, "Sinerius's Montana conviction will qualify as a predicate sex offense only if the full range of conduct covered by the Montana statute falls within the meaning of" the terms found in 18 U.S.C. § 2252A(b).  Sinerius, 2007 WL 2728760, at *2.  The Ninth Circuit looked "only to the fact of Sinerius's prior conviction and the elements of the Montana offense to determine whether § 2252A(b)'s definition of 'sexual abuse' covers the full scope [of] the conduct prohibited by the Montana sexual assault statute." Sinerius, 2007 WL 2728760, at *3.  The Ninth Circuit held that Sinerius's prior state conviction categorically qualified as "sexual abuse" under 18 U.S.C. § 2252A(b), and therefore, it was unnecessary to examine Sinerius's prior conviction using the modified categorical approach that Taylor established and Shepard limited.  Sinerius, 2007 WL 2728760, at *6.

In United States v. Lockwood, 446 F.3d 825 (8th Cir. 2006), the Eighth Circuit performed an analysis similar to, albeit more abbreviated than, the analysis conducted in Sinerius.  In Lockwood, the Eighth Circuit concluded that to "determine whether Lockwood's state conviction constituted a prior sex offense conviction," it had to first turn to the state statute under which Lockwood had been convicted.  446 F.3d at 827.  The Eighth Circuit continued, "[i]f the [state] statute criminalizes conduct other than [what the predicate offense criminalizes] . . ., we determine whether the sentencing court applied the modified categorical approach mandated by" Taylor and Shepard. Lockwood, 446 F.3d at 827.  Because Lockwood had been convicted under a state statute that was factually overinclusive as compared to the federal statute, the Court turned to an analysis of the judicial records.  Id. at 828.

A review of these cases makes clear that the <u>Taylor</u> categorical approach is first used to determine whether a prior conviction categorically triggers the applicable sentence enhancement. See <u>Sinerius</u>, 2007 WL 2728760, at *3. A court applies the modified categorical approach that considers the facts underlying the prior conviction if the prior conviction encompassed conduct beyond what the sentence enhancement statute criminalizes. See <u>Lockwood</u>, 446 F.3d at 827. If the full range of conduct covered by the prior conviction falls within the terms of the sentence enhancement statute, an analysis under the modified categorical approach is not needed. See <u>Sinerius</u>, 2007 WL 2728760, at *3. It is within this framework that the Court will decide if Sonnenberg's 1968 Iowa state conviction triggers a sentence enhancement pursuant to 18 U.S.C. § 2252(b)(1).

The Court uses the <u>Taylor</u> categorical approach to decide whether Sonnenberg's 1968 Iowa state conviction triggers the sentence enhancement. The Court first must examine the definition of the predicate offense, which mandates an enhanced sentence for a defendant "if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . ." 18 U.S.C. § 2252(b)(1). The Court must next compare the elements of Iowa Code Section 725.2 to the definitions of the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward." Sonnenberg's 1968 Iowa state conviction will only trigger the sentence enhancement if the full range of conduct covered by the Iowa statute falls within the meaning of the predicate offense in 18 U.S.C. § 2252(b)(1). See <u>Sinerius</u>, 2007 WL 2728760, at *2.

Sonnenberg contends that his 1968 Iowa state conviction does not trigger the sentencing enhancement because, although Iowa Code Section 725.2, the charging documents, and the

5

judgment "can include conduct relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, they pertain with equal force to conduct that does not relate to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." See Docket No. 39.  Sonnenberg cites to 18 U.S.C. §§ 2241 and 2242 to define "aggravated sexual abuse" and "sexual abuse" as those terms are used in 18 U.S.C. § 2252(b)(1). See Docket No. 39, pp. 2-3.  He contends that "aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward" all require a "sexual act" involving physical contact, as defined by 18 U.S.C. § 2246(2). See Docket No. 39, pp. 3-4. Therefore, Sonnenberg contends that because Iowa Code Section 725.2 included "in the presence" language encompassing acts that may not involve physical contact, it was possible to commit "lascivious acts with children" without triggering the sentence enhancement.

   The relevant terms found in 18 U.S.C. § 2252(b)(1) are not defined in chapter 110 of the United States Code, the chapter in which § 2252(b)(1) is found.  Definitions of terms found in chapter 110 are located in 18 U.S.C. § 2256, but that section does not define "aggravated sexual abuse," "sexual abuse," or "abusive sexual conduct involving a minor or ward."  As noted by Sonnenberg, chapter 109A of the United States Code includes definitions of "aggravated sexual abuse" and "sexual abuse." See 18 U.S.C. §§ 2241, 2242.  The Fifth Circuit Court of Appeals, however, in United States v. Hubbard, 480 F.3d 341, 348 (5th Cir. 2007), was not persuaded "that Congress intended to import the elements of the offenses delineated in . . . chapter 109A into § 2252A(b)(1) to define the state convictions that would cause the minimum sentence to apply."  This Court is likewise not persuaded that definitions from chapter 109A were intended to be imported into 18 U.S.C. § 2252(b)(1).  "Instead, it appears that Congress intended the terms 'aggravated

6

sexual abuse, sexual abuse, or abusive sexual conduct' to be generic terms, describing generic offenses . . . ." Hubbard, 480 F.3d at 348; see Sinerius, 2007 WL 2728760, at *5 (holding that by not providing a specific definition of "sexual abuse" in 18 U.S.C. § 2256, Congress intended to define "sexual abuse" as a generic offense).

The Court first considers "sexual abuse" when examining the definition of the predicate offense under 18 U.S.C. § 2252(b)(1). Under the categorical approach it is common practice to define non-traditional offenses based on the ordinary, contemporary, and common meaning of the statutory words. Sinerius, 2007 WL 2728760, at *2 (citation omitted). "Sexual" has been defined as "of or relating to the sphere of behavior associated with libidinal gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001) (citing Webster's Third New International Dictionary 2082 (3d ed. 1981)). The Ninth Circuit gave "sexual" its "ordinary and commonsense meaning." Sinerius, 2007 WL 2728760, at *2. "Abuse" is defined as a "departure from legal or reasonable use; misuse; [p]hysical or mental maltreatment, often resulting in mental, emotional, sexual, or physical injury." Black's Law Dictionary 10 (8th ed. 2004). Consequently, the Court finds that "sexual abuse" does not require a "sexual act" involving physical contact.

Under 18 U.S.C. § 2252(b)(1), an individual only had to have been convicted of a state offense "relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward." "Relating to" means "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." Morales v. Trans World Airlines, 504 U.S. 374, 383 (1992); see also United States v. Weis, 487 F.3d 1148, 1152 (8th Cir. 2007) ("We must assume that Congress chose the words 'relating to' for a purpose.). Therefore, 18 U.S.C. § 2252(b)(1) "does not simply mandate a sentencing enhancement for individuals convicted

of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense." Sinerius, 2007 WL 2728760, at *5 (emphasis in original).

Under the categorical approach, the Court next looks to the fact of Sonnenberg's 1968 Iowa state conviction and the elements of Iowa Code Section 725.2 to determine if Section 2252(b)(1)'s definition of "sexual abuse" covers the full scope of the conduct prohibited by the Iowa statute. The Iowa statute was violated by any individual who willfully committed "any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under . . . ." Iowa Code Section 725.2. Under the categorical approach, even the least egregious conduct criminalized by the Iowa statute must qualify as an offense "relating to . . . sexual abuse." See Sinerius, 2007 WL 2728760, at *3. If the least egregious conduct does not qualify, the Iowa statute is overinclusive on its face. See Sinerius, 2007 WL 2728760, at *3.

Under Iowa Code Section 725.2, the least egregious conduct was a "lewd, immoral, or lascivious act in the presence . . . of a child." "Lascivious" is "characterized by or expressing lust or lewdness; wanton; tending to excite lustful desires." Webster's New World Dictionary 761 (3d College ed.1988). Clearly, a lascivious act in the presence of a child is sexual in nature because it relates to one's libidinal gratification. The only question that remains is whether it is "abuse." Performing a lascivious act in the presence of a child is a clear departure from appropriate, legal behavior and is mental maltreatment of the innocent child subjected to the lascivious act. Therefore, even the least egregious conduct proscribed by Iowa Code Section 725.2 categorically qualifies as sexual abuse, or at a minimum, is related to sexual abuse. The Iowa statute proscribed a narrow

range of conduct, "all of which necessarily involves 'sexual abuse' under its ordinary and common meaning."  Sinerius, 2007 WL 2728760, at *4.  In other words, the full range of conduct covered by Sonnenberg's 1968 Iowa state conviction falls within the terms of 18 U.S.C. § 2252(b)(1).

Because Sonnenberg's 1968 Iowa state conviction categorically qualifies as "sexual abuse" for purposes of 18 U.S.C. § 2252(b)(1), the Court need not consider whether the 1968 conviction would also qualify as "aggravated sexual abuse" or "abusive sexual conduct involving a minor or ward."  It is also unnecessary to examine Sonnenberg's 1968 conviction under the modified categorical approach.  In summary, the 1968 Iowa state conviction can be used to trigger a sentence enhancement pursuant to 18 U.S.C. § 2252(b)(1).

### III.    CONCLUSION

For the reasons set forth above, the Court **DENIES** Sonnenberg's "Motion to Exclude Application of Prior Conviction Enhancement."  (Docket No. 38.)

**IT IS SO ORDERED.**

Dated this 29th day of November, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court